264 N.J. Super. 572 (1993)
625 A.2d 45
ROBERT ROBBINS, ET AL., PLAINTIFFS,
v.
HIP OF NEW JERSEY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
April 2, 1993.
*573 David K. Cuneo for plaintiff (Matteo & Cuneo, attorneys).
Thomas M. Masick for defendant (Parker, McCay & Criscuolo, attorneys).
SCHLESINGER, J.S.C.
In this medical malpractice action, defendant, HIP of New Jersey, a health maintenance organization (commonly known as an HMO) moves for summary judgment claiming statutory immunity from medical malpractice under N.J.S.A. 26:2J-25. The court holds that the statute does not grant such immunity to the HMO itself, but grants such immunity only to persons participating in the arrangements of an HMO who are not actual providers of health care services or supplies to enrollees and their families.
Plaintiff's decedent, Lorraine Robbins maintained health insurance benefits with defendant, HIP of New Jersey, from 1986 through 1987 during which time she was diagnosed and treated for breast cancer. This action alleges professional negligence in the diagnosis and treatment of her cancer and seeks damages from the medical personnel who treated her as well as from the defendant, HIP.
Defendant, HIP, moves for summary judgment arguing that it is entitled to immunity from professional negligence claims brought in connection with the furnishing of health care services *574 and supplies pursuant to N.J.S.A. 26:2J-25(c) and (d) which provide as follows:
"c. Any health maintenance organization authorized under this act shall not be deemed to be practicing medicine and shall be exempt from the provisions of chapter 9 of Title 45, Medicine and Surgery, of the Revised Statutes relating to the practice of medicine."
"d. No person participating in the arrangements of a health maintenance organization other than the actual provider of health care services or supplies directly to enrollees and their families shall be liable for negligence, misfeasance, nonfeasance or malpractice in connection with the furnishings of such services and supplies."
HMOs were authorized pursuant to the "Health Maintenance Organization Act," N.J.S.A. 26:2J-1, et seq. effective December 27, 1973. N.J.S.A. 26:2J-2 contains the following pertinent definitions:
"f. `Health maintenance organization' means any person which directly or through contracts with providers furnishes at least basic comprehensive health care services on a prepaid basis to enrollees in a designated geographical area."
"g. `Person' means any natural or artificial person including but not limited to individuals, partnerships, associations, trusts, or corporations."
"h. `Provider' means any physician, hospital, or other person which is licensed or otherwise authorized in this State to furnish health care services."
The general scheme of the enabling act is to authorize the State Commissioner of Health to grant certificates of authority to HMOs upon application if they comply with the statutory criteria. N.J.S.A. 26:2J-3 and 2J-4. HMOs are authorized to receive funds by loan or otherwise; to purchase, lease, contract and maintain health care facilities and ancillary equipment; to make loans to medical groups under contract to the HMO and to assume responsibility for the furnishing of health care services through providers which are under contract with or employed by the HMO to persons including but not limited to enrollees. HMOs are also authorized to contract with others to have them perform on behalf of the HMO certain functions such as marketing, enrollment and administration. HMOs also may contract with an insurance company licensed in New Jersey or with a hospital or medical service corporation authorized to do business in New Jersey, for the provision of insurance, indemnity, or reimbursement against the *575 cost of health care services provided by the HMO. N.J.S.A. 26:2J-5.
Defendant, HIP contends that because N.J.S.A. 26:2J-25(c) exempts it from the licensing provisions of Chapter 9 of Title 45, it cannot practice medicine and must therefore also be immune from liability for its professional negligence in connection with the providing of health care services and supplies to enrollees. To read into a legislative exemption from licensing to practice medicine an immunity from negligence, requires a giant leap in logic that is beyond the mental agility of this court. Had the Legislature intended to immunize HMOs from liability in connection with the negligent providing of health care services and supplies, it could have plainly so stated. In fact, in the very next subsection of N.J.S.A. 26:2J-25, Subsection (d), the Legislature specifically dealt with such immunity, thus conferring it upon those participating in the arrangements of an HMO who are not actual providers. This indicates the Legislature was well aware of the general immunity issue and that it would not have intended to impliedly confer immunity to HMOs by exempting them from the licensing requirements of Chapter 9 of Title 45.
Defendant, HIP, also urges that N.J.S.A. 26:2J-25(d) is additional evidence that the Legislature intended to immunize HMOs from negligence in connection with the providing of health care services and supplies. The argument is that the word "person" in that subsection can be read to refer to the HMO itself so that the provision would read: "No HMO [person] participating in the arrangements ... of a health maintenance organization ... shall be liable for negligence." Again, had the Legislature intended to immunize HMOs from negligence in connection with the provision of health care services and supplies, it could have easily and clearly stated this goal. The interpretation urged by a defendant, HIP, is strained grammatically and defies common sense and reason. Although it is true that an HMO may be a "person" under the statutory definitions, a "person" need not be an HMO.
*576 The legislative intent behind N.J.S.A. 26:2J-25(d) as indicated by its plain language and the entire statutory scheme was not to immunize the HMO itself but to immunize other persons "participating in the arrangements" of the HMO who were not the actual providers of health care services. In this regard, it is pertinent that there is no definition of "actual provider" in the statute. In Subsection (d) of N.J.S.A. 26:2J-25 the Legislature was attempting to distinguish between those persons and who participated in the arrangements of the HMO who actually provided health care services, such as physicians, nurses, therapists, etc. and those persons who participated in the arrangements of the HMO but did not actually provide health care services, such as persons contracted to provide marketing enrollment and administrative functions [N.J.S.A. 26:2J-5(a)(5)] and those contracted to provide insurance and indemnity [N.J.S.A. 26-2J-5(a)(6)].
Defendant, HIP's, argument regarding immunity would be applicable whether or not the HMO was sought to be held liable for negligence based upon respondeat superior or whether liability was based upon a non-delegable duty in those instances where health care services were provided by independent contractors. See Marek v. Professional Health Services, 179 N.J. Super. 433, 432 A.2d 538 (App.Div. 1981). Although there might be some sound policy reasons for granting immunity in those instances where independent contractors provided health services (e.g., the assumption that such independent contractors would be independently insured or financially solvent) there are clearly no such policy reasons extant when the actual provider of the health care services is employed directly by the HMO. Indeed, it seems highly unlikely that the Legislature would immunize HMOs from the ordinary rule of respondeat superior so that only the employees of an HMO and not the HMO itself would be responsible for the negligent provision of health care services and supplies.
Where the Legislature has acted to provide similar extraordinary relief to a health service organization, such as in the case of hospitals entitled to partial immunity based upon their status as *577 charitable institutions, it was able to clearly and unambiguously express its intent to do so. See N.J.S.A. 2A:53A-8.
Finally, the coup de grace to Defendant's position may be found tucked away in N.J.S.A. 26:2J-12 which deals with the complaint system that HMOs are required to establish and maintain. That statute requires each HMO to submit an annual report to the Commissioner of Health which shall include:
"(c). The number, amount, and disposition of malpractice claims settled during the year by the health maintenance organization and any of the providers used by it." (emphasis added) N.J.S.A. 26:2J-12(c).
Since defendant does not enjoy immunity under either N.J.S.A. 26:2J-25(c) or (d), its motion for summary judgment must be denied.